Request of Governor and Council
No. 6835

OPINION OF THE JUSTICES

January 31, 1974

The following request of the Governor and Council for an opinion of the justices was adopted on January 23, 1974, and filed with the supreme court on January 24, 1974:

"WHEREAS, the Governor and Council are vested with the authority to appoint coroners according to Part II, Article 46 of the New Hampshire Constitution; and

"WHEREAS, Chapter 134 of the Laws of 1903 substitutes the words 'medical referee' for the word 'coroner'; and

"WHEREAS, Chapter 110:1 of the Laws of 1973 purports to change said method of appointment substitut-

ing for the Governor and Council the County Commissioners of each county; and

"WHEREAS, the Attorney General has advised the Governor and Council that it is his belief that said Chapter 110:1, Laws of 1973 is unconstitutional;

"NOW THEREFORE BE IT RESOLVED that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important question of law:

"Is Chapter 110:1, Laws of 1973 unconstitutional?"

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the following answer to the question contained in your resolution submitted to this court on January 24, 1974. In accordance with the usual practice an opportunity was presented to any attorney, legislator, organization, interested party or member of the public to present typewritten memoranda on the question presented by the request on or before January 30, 1974. Laws 1973, ch. 110, effective July 7, 1973, amended RSA ch. 611 by substituting county commissioners for the Governor and Council as the officials authorized to nominate and appoint medical referees. The validity of the 1973 amendment is brought into question because our constitution, pt. II, art. 46, provides for the appointment of coroners by the Governor and Council. N.H. CONST. pt. II, art. 46 reads in part as follows: "[Art.] 46. [Nomination and Appointment of Officers]. All judicial officers, the attorney-general, *coroners,* and all officers of the navy, and general and field officers of the militia, shall be nominated and appointed by the governor and council; . . . ." (Emphasis added.)

Coroners are ancient officers of the common law. J. Sanborn, Justice and Sheriff 489 (1888). "The provincial act of 1718 (Prov. Laws, *ed.* 1771, *c.* 86 [p. 131]) relating to the power and duty of coroners in taking inquisitions of death, was declaratory of the common law." *State v. Gerry,* 68 N.H. 495, 497, 38 A. 272, 273 (1896). Although the name and duties of coroners were supplanted by those of medical referees by Laws 1903, ch. 134, the duties

remained substantially the same. G. Weinmann, A Compendium of the Statute Law of Coroners and Medical Examiners in the United States, Bulletin of the National Research Council, Number 38 (1931), at 227-28.

Inasmuch as medical referees are in legal effect coroners and coroners are constitutional officers required by the constitution to be appointed by the Governor and Council, Laws 1973, 110:1 providing for the appointment of medical referees by county commissioners is of no legal effect. "Judicial officers, the Attorney General, coroners and military officers must be appointed by the Governor and Council and no change can be made in that method of selection" (*Opinion of the Justices,* 102 N.H. 195, 197, 152 A.2d 878, 880 (1959)) in the absence of constitutional amendment.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

January 31, 1974.

Warren B. Rudman, attorney general, filed a memorandum of law in favor of affirmative answer.